**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO SHEETS,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>CITY OF WINSLOW, an Arizona Municipality,<br><br>               Defendant-Appellee. | No.   20-16278<br><br>D.C. No. 3:19-cv-08187-JJT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted June 7, 2021
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Roberto Sheets appeals the district court's dismissal of his Second Amended

Complaint ("SAC") for failure to state a claim for race discrimination pursuant to

Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act

("ACRA").  Sheets, a former police officer with the City of Winslow, Arizona,

alleged that he suffered discrimination on a race-based disparate treatment theory

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

when he was terminated after committing a willful policy violation in August 2015.  On appeal, Sheets contends that the district court erred by dismissing his SAC under Federal Rule of Civil Procedure 12(b)(6), and that even if his SAC was deficient, the district court abused its discretion by denying Sheets leave to file a third amended complaint.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by concluding that Sheets's SAC provided insufficient facts to state a claim for race-based disparate treatment.  We review a district court's dismissal for failure to state a claim under Rule 12(b)(6) *de novo*. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).  For both counts of Sheets's SAC, we are guided by the Title VII framework because ACRA is "generally identical to Title VII, and therefore federal Title VII case law is persuasive" in interpreting ACRA.  *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (cleaned up).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on insufficient facts to support a cognizable legal claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff must include "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 550 (2007)).  A claim is facially plausible when it contains "factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570). To plead a claim for race-based disparate treatment under Title VII, a plaintiff must allege sufficient facts to show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). The first three prongs of the disparate treatment standard are not disputed.

Even accepting all well-pleaded allegations as true and construing them in the light most favorable to Sheets, *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008), Sheets's allegations do not satisfy prong four. To meet Title VII's "similarly situated" requirement, Sheets must demonstrate that he was similar to his proposed comparator "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Sheets stated only that he was terminated after committing an unnamed willful policy violation, but a white officer, Andrew Shipley, was not terminated after committing several alleged policy violations. Sheets did not describe the willful policy violation of which he was accused in either his First or Second Amended Complaint, or in his opening or reply brief.

3

Though Sheets provided significant factual detail regarding his comparator's violations, Sheets's SAC alleged no facts indicating the circumstances around his own policy violation. Thus, on the face of the operative complaint, a court would be unable to determine whether Sheets's alleged violation was of "comparable seriousness" to Shipley's alleged violations. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Accordingly, the district court did not err in finding that Sheets's allegations do not "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

2. The district court also did not err by dismissing Sheets's SAC with prejudice. We review denial of leave to amend for abuse of discretion. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). A district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* (alteration in original) (citation omitted). Here, the district court denied leave to amend because Sheets failed to cure the deficiencies the court had identified in dismissing his First Amended Complaint ("FAC"). The district court noted that Sheets did not provide more details between the FAC and SAC regarding whether Sheets and Shipley were "similarly situated" other than identifying his proposed white comparator by

4

name and noting that Shipley was also an officer. The district court found the lack of detail significant in part because it had earlier—in dismissing the FAC—explained the applicable legal framework for plausibly alleging a race-based disparate treatment claim under Title VII.[1] *See Loos v. Immersion Corp.*, 762 F.3d 880, 890–91 (9th Cir. 2014). Moreover, in Sheets's response to the motion to dismiss before the district court, he acknowledged that meeting the "similarly situated" prong requires evidence that the comparators "engaged in the same conduct."

Given Sheets's numerous opportunities to provide the necessary factual allegations to support his disparate treatment theory, the district court did not abuse its discretion by denying Sheets a third opportunity to amend.

**AFFIRMED.**

---

[1] And on this appeal, despite the district court's statement that "the SAC does not identify Plaintiff's alleged violation, a detail that is crucial to raising an inference that he and Shipley were similarly situated," Sheets declined to provide that information until oral argument.